**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Steven W. Vennemann,

Plaintiff,

v.

Badger Mutual Insurance Company,

Defendant.

Civil No. 02-64 ADM/AJB

**AMENDED**
**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court as amended effective May 1, 2000, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

1. Discovery shall be commenced in time to be completed by **January 15, 2003.**

2. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before February 20, 2002.

3. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. By Plaintiff(s) on or before **October 1, 2002.**

   b. By Defendant(s) on or before **December 1, 2002.**

4. No more than 25 interrogatories [counted in accordance with Fed. R. Civ. R. 33(a)] shall be served by any party.

5. No more than 10 depositions, excluding expert witness depositions, shall be taken by any party. Each party shall take no more than 2 expert depositions.

AUG 0 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Kathy Thobe, Calendar Clerk, 651-848-1210.)

1. All motions which seek to amend the pleadings or add parties must be served by **October 1, 2002.** [Any motion for leave to amend to allege punitive damages must be served and filed before the discovery deadline date].

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by **March 1, 2003.**

3. Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, said motions should strictly comply with the provisions of Local Rules 7.1 and 37.1 and shall be presented in a form that complies with Local Rule 37.2.

Dispositive Motions

1. All dispositive motions shall be served and filed by the parties by **May 1, 2003.** (Counsel are advised that they must schedule this hearing by calling Calendar Clerk Gertie Simon, 612-664-5093.)

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a Jury trial on **July 1, 2003**, or upon resolution of any pending dispositive motions. Each party may call no more than 2 expert witnesses. Anticipated length of trial is 5-7 days.

Dated: August 1, 2002

Arthur J. Boylan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ORIGINAL

| | |
|---|---|
| Steven W. Vennemann,<br><br>Plaintiff,<br><br>v.<br><br>Badger Mutual Insurance Company,<br><br>Defendant. | Court File No. 02-64 (ADM/AJB)<br><br>**STIPULATION TO EXTEND PRETRIAL DEADLINES**<br><br>**AND**<br><br>**ORDER** |

## STIPULATION

The parties, through their undersigned counsel, hereby stipulate and agree that the dates in the Court's February 20, 2002, Pretrial Scheduling Order may be extended by 3 months. The parties so stipulate and agree for the following reasons:

1. This case involves a fire that occurred at a house owned by Plaintiff. Defendant Badger Mutual Insurance Company denied coverage on several grounds, including that the fire was started by or at the direction of Plaintiff. Discovery, if it is necessary, will largely focus on evidence on that arson issue.

2. There is a threshold legal question in the case about whether the property was "vacant," within the meaning of the subject insurance policy, such that the policy does not provide coverage.

3. Defendant served a motion for summary judgment based on that issue on June 14, 2002. Plaintiff's attorney was in trial in federal court on another matter and, thus, Defendant granted an extension to July 26, 2002, for Plaintiff to serve his response. The parties agreed that Defendant's reply would be due for service on August 7, 2002, at which time the motion can be filed and a hearing date obtained.

4. The parties agree that the summary judgment motion is essentially a legal question that will be submitted to the Court without written or deposition discovery.

5. The current scheduling order provides for an October 15, 2002, close of discovery.

6. The parties would like to avoid the significant expense of the written and deposition discovery that may be needed in this matter on the arson and other issues until the Court's decision on the threshold coverage issue in the summary judgment motion. Therefore, they seek an extension of 3 months for all the pretrial deadlines set forth in the Pretrial Order, which should permit a decision on the summary judgment motion before the parties must incur the expense of potentially unnecessary discovery.

Dated: July 30, 2002

FLYNN, GASKINS & BENNETT, L.L.P.

John Laravuso

Bradley J. Ayers, #189303
John Laravuso, #259123
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
Phone: (612) 333-9500
Fax: (612) 333-9579
ATTORNEYS FOR DEFENDANT

Dated: July 16, 2002

Robert J. Patient

Robert J. Patient, #121496
1250 Norwest Center
55 East Fifth Street
St. Paul, MN 55101
Phone: (651) 222-4426
Fax: (651) 222-0432
ATTORNEY FOR PLAINTIFF

[ORDER PAGE FOLLOWS]